## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVSION

| | | |
|---|---|---|
| **TIMOTHY CLAY** | §§ | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No. 7:21-cv-189** |
| | § | |
| **ECOLAB INC. and** | § | |
| **CHAMPIONX LLC f/k/a NALCO** | § | |
| **COMPANY LLC** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants*. | | |

## ORIGINAL COMPLAINT

Timothy Clay ("Plaintiff"), by and through his attorneys, brings this action for damages and other legal and equitable relief from the Defendants' violation of the laws proscribing discrimination based on race and for acts of retaliation against Ecolab Inc. and ChampionX LLC, formerly known as Nalco Company LLC ("Defendants").

## INTRODUCTION

This is an action brought by Plaintiff seeking damages from Defendants for acts of intentional discrimination based on race, as well as for acts of retaliation because Plaintiff engaged in protected activity. Defendants' acts of discrimination and retaliation are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq*.; (§ "1981"), § 102 of the 1991 Civil Rights Act, and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code 21.001, *et seq.*

1

**ORIGINAL COMPLAINT**

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201;  (iii) 42 U.S.C. § 1981, *et seq*., as amended, and  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.  2000e, *et seq.,*

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f),  in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3.      At all relevant times, Defendants have continuously been and are now doing business in the State of Texas and have continuously had at least fifteen employees.

4.      At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h), § 1981 and the Texas Employment Discrimination Act.

5.      Defendants are a publicly traded company that operate a chemical technologies manufacturing plant producing organic chemicals used primarily in the oil and gas industry. The manufacturing plant at which Plaintiff worked is located at 115 Proctor Avenue, Odessa, TX 79762.

**ORIGINAL COMPLAINT**

6.      At all relevant times, Plaintiff was an employee of Defendants as that term is defined in Title VII, § 1981 and the Texas Employment Discrimination Act.

7.      Plaintiff is African American.

### EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

8.      Plaintiff has timely filed a charge of discrimination with the EEOC, which constitutes across-filing with the Texas Commission on Human Rights. Plaintiff requested his Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

### FACTS UNDERLYING CLAIMS

9.      Plaintiff began working for Defendants as an Operational Specialist I ("OSI I") at or around February 19, 2017.

10.     As an OSI, Plaintiff's responsibilities included administering chemicals to treat various water conditions on frac locations.

11.     As part of being an OSI I, Plaintiff would operate the frac trailer.

### FAILURE TO PROMOTE

12.     In or around November 2018, Plaintiff approached his supervisor, Randall Hill, about creating an Onsite Safety Coordinator position to build better safety practices at Defendants' Odessa, TX plant.  Plaintiff told Mr. Hill that, if the position were created, Plaintiff wanted to be considered for the position. The position would be a promotion for Plaintiff.

13.     Mr. Hill told Plaintiff that he would think about Plaintiff's proposal and get back to Plaintiff. Mr. Hill never got back to Plaintiff.

14.     Instead, Mr. Hill created the position without acknowledging Plaintiff's having suggested it.  Mr. Hill then offered the position to Riley Stratton, a White employee. Plaintiff had

**ORIGINAL COMPLAINT**

years of experience in safety practices and was more qualified than the White individual who was selected for the position.

15.     In or around June 2019, Plaintiff asked to be considered for one of the several Field Lead positions that were open at that time.

16.     The next month, in or around July 2019, Plaintiff trained two newly hired White employees with no experience as Operational Specialists.

17.     Three months after Plaintiff trained these White employees, in or around October 2019, Plaintiff discovered that the two White employees had been both promoted to Field Lead positions.

18.     Upon information and belief, Plaintiff was more qualified for the Field Lead position than the two White employees. However, Plaintiff was not selected for the Field Lead position based on his race.

## DISCRIMINATION IN HOUSING ON THE JOB

19.     As part of Plaintiff's employment with Defendants, Plaintiff was required to travel to various frac locations.  At or around October/November 2019, Plaintiff traveled to a frac location in Coyanosa, Texas.

20.     During the work trip to Coyanosa, Plaintiff and two other Black employees were told by Plaintiff's supervisor, Ed Herrera, that the Black employees would be lodging in converted travel trailers.

21.     On the same work trip, White and Hispanic employees did not have to lodge in the converted travel trailers.  Instead, the White and Hispanic employees were put up in a local hotel.

22.     The travel trailers were unclean and inhospitable. Plaintiff took pictures of the lodging and sent them to Defendants' Human Resources Department.

4

**ORIGINAL COMPLAINT**

23.     On another occasion, in or around October 2019, Plaintiff was traveling to a frac location in Big Lake, Texas, and was told to stay in a converted shipping container.  Upon information and belief, the White or Hispanic employees working at the frac location in Big Lake, Texas were not pressured or forced to stay in the shipping containers.

24.  Plaintiff again objected to staying in the converted shipping container, citing racial discrimination.

## RETALIATION

25.     Based on Plaintiff's refusal to be subjected to the inhospitable lodging on two separate occasions, Mr. Herrera retaliated against Plaintiff by forcing Plaintiff to only work local jobs in the Midland, Texas area, which reduced Plaintiff's hours, and, therefore, his pay.

26.     On or around January 3, 2020, Mr. Herrera informed Plaintiff that he was being terminated effective immediately for purportedly misusing the company gas credit card.  Plaintiff denied such misuse, and Defendants refused to provide any evidence to support Defendants' baseless accusation.

27.     Defendants specifically alleged that a police officer witnessed Plaintiff misuse his company credit card in Midland, Texas.

28.     Plaintiff vehemently denied that he misused his company credit card and asked for purported information showing that he did so.  Defendants refused to provide him with their purported evidence.

29.     Instead, the evidence will show that no police officer observed Plaintiff committing any offense, and that Plaintiff did not misuse his company credit card, as alleged by Defendants. Instead, the reason given for termination was a pretext for retaliatory termination.

**ORIGINAL COMPLAINT**

30.     Throughout Plaintiff's employment with Defendants, Plaintiff was an exemplary employee. Plaintiff rarely took time off and did not have disciplinary write-ups.

31.     Defendants terminated Plaintiff in retaliation for his reporting discrimination based on race.

### CAUSES OF ACTION

### Count I
**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. § 1981, et seq.*

32.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33.     The conduct alleged herein violates 42 U.S.C. § 1981, *et seq*., as the Defendants have engaged in the practice of race discrimination including disparate treatment in the terms and conditions of his employment, including but not limited to denying promotions based on his race and requiring him to stay in inferior housing on the job based on his race, Black.

34.     Plaintiff's requests for relief are set forth below.

### Count II
**EMPLOYMENT DISCRIMINATION – RETALIATION**
*42 U.S.C. § 1981, et seq.*

35.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36.     Plaintiff reported the discriminatory treatment to which he was subjected.

37.      Defendants retaliated against Plaintiff by reducing his work hours and therefore his pay, and by  terminating him due to  reporting discrimination based on his race.

38.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

### Count III
### EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
Title VI of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e, et seq.*

39.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40.     The conduct alleged herein violates Title VII as the Defendants have engaged in the practice of discrimination against the Plaintiff based on his race, Black, by subjecting him to disparate treatment in the terms and conditions of his employment, including but not limited to denying promotions based on his race and requiring him to stay in inferior housing on the job based on his race, Black.

41.     Plaintiff's requests for relief are set forth below.

### Count IV
### EMPLOYMENT DISCRIMINATION - RETALIATION
Title VII of the Civil Rights Act of 1964, as amended
*42 U.S.C. § 2000e, et seq.*

42.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43.     Plaintiff reported discriminatory treatment based on race, Black.

44.     Defendants retaliated against Plaintiff as to the terms and conditions of his employment through reduced job hours and resultant pay, and by terminating him in retaliation for engaging in protected activity.

45.     Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

<u>Count V</u>
**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, et seq.*

46.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

47.     The conduct alleged herein violates Tex. Lab. Code § 21.051, as the Defendants have committed discrimination on the basis of race by subjecting him to disparate treatment in the terms and conditions of his employment, including but not limited to denying promotions based on race and requiring him to stay in inferior housing on the job, based on his race, Black.

48.     Plaintiff's requests for relief are set forth below.

<u>Count VI</u>
**EMPLOYMENT DISCRIMINATION - RETALIATION**
*Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001, et seq.*

49.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

50.     Plaintiff reported the discriminatory treatment to which he was subjected.

51.     Defendants retaliated against Plaintiff as to the terms and conditions of his employment through reduced job hours and resultant pay, and by terminating him in retaliation for engaging in protected activity.

52.     The Plaintiff's requests for relief are set forth below.

**<u>DEMAND FOR JURY TRIAL</u>**

53. Plaintiff demands a jury trial on all matters raised in this Complaint.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays for the following relief:

**ORIGINAL COMPLAINT**

54.     That the practices of the Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal and state laws identified above prohibiting discrimination and retaliation in employment;

55.     That judgment be entered in favor of Plaintiff as set forth herein, and against Defendants, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

56.     That Plaintiff be awarded compensatory damages for his employment discrimination claims including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

57.     That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

58.     That Plaintiff be awarded pre-and post-judgment interest;

59.     That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

60.     That the Defendants be ordered to require training regarding discrimination based upon race and discrimination based on retaliation.

61.     That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

62.     That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Dated: October 14, 2021.

Respectfully submitted,

*/s/  Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Toby W. Costas
Texas State Bar No. 04855720
tcostas@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**